LOUISIANA RIO GRANDE CANAL CO. v. QUINN.

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1913.)

1. MASTER AND SERVANT (§ 41*)—BREACH OF CONTRACT OF EMPLOYMENT—DAMAGES.

The measure of damages for breach of a contract of employment for a year for a monthly compensation, on the faith of which the employé incurred expense in moving, was the amount of such expense and such other damages and loss sustained, not to exceed the amount to which he would have been entitled had the contract been performed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

2. MASTER AND SERVANT (§ 41*)—ACTION FOR WAGES—RIGHT OF ACTION.

A servant employed for a year, at a certain amount per month, on his discharge without cause has an immediate right of action for the damages accruing from the breach, though only those damages accrued at the time of the trial are recoverable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

3. APPEAL AND ERROR (§ 1171*) — APPEAL — AMOUNT AWARDED.

Where the jury did not follow erroneous instruction as to the measure of damages, and it did not appear what evidence they considered in arriving at an excessive verdict, such verdict must be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

Appeal from Hidalgo County Court; James H. Edwards, Judge.

Action by R. E. Quinn against the Louisiana Rio Grande Canal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 160 S. W. 151.

F. W. Kibbe and L. J. Polk, Jr., both of Brownsville, for appellant.

FLY, C. J. This is a suit for damages instituted by defendant in error, which, it was alleged, accrued by reason of the discharge of defendant in error without cause by plaintiff in error. Defendant in error claimed to have been employed by plaintiff in error on or about July 1, 1911, for 12 months at the rate of $100 a month and house rent and fuel valued at $25 a month; that he was discharged without cause in November, 1911, after having worked for 5 months; that the cost of moving his family from Lane City, Tex., to Hidalgo, Tex., amounted to $125 and his services for the remaining 7 months were, by. the contract, of the value of $875, which he claimed as damages. The suit was instituted on January 23, 1912, and was tried on February 16, 1912.

The court instructed the jury that the measure of damages was the expense of removal of defendant in error and his family from Lane City to Hidalgo and his salary for any time, not paid for, prior to the institution of the suit. In other words, the damages the jury were authorized to find could not have exceeded $125 expense of moving and not more than $250 for two months' wages. The jury returned a verdict for $875, evidently the amount of salary for the remaining seven months of the year.

[1] The measure of damages under the facts of this case, if defendant in error was hired for one year, and on the faith of that contract of hire incurred expenses in moving himself and family to Hidalgo, and was discharged without cause, was the amount of such expenses and such other damages and loss sustained, not to exceed the amount to which he would have been entitled had the contract been fulfilled.

[2] The right to recover the damages accruing from the breach of the contract arises at once, but no more damages can be recovered than have accrued at the time of the trial. Meade v. Rutledge, 11 Tex. 44; Hassell v. Nutt, 14 Tex. 260; Railroad v. Shirley, 45 Tex. 355; Hearne v. Garrett, 49 Tex. 619;

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Litchenstein v. Brooks, 75 Tex. 196, 12 S. W. 975.

Appellee could not recover for any damages except those which had accrued up to the time of the trial. If appellee had withheld his suit until the expiration of the year he might, under proper conditions, have recovered for the whole amount of salary, but it may be difficult to ascertain what his damages are when the whole time has not expired. Still it is for the jury to determine under proper instructions and the evidence what the damages amount to. Any damage that naturally grew out of the discharge of defendant in error, if wrongfully done, should be taken into consideration; the only limitation upon the amount of the damages that could be recovered being the total amount of the salary during the remainder of the year after the discharge took place.

[3] We do not know what the jury took into consideration in arriving at a verdict, but it is evident that they did not follow the erroneous charge. Without chart or compass they found a verdict directly in the face of the charge and for an amount so excessive that appellee remitted $250.

The judgment is reversed, and the cause remanded.