**GOLDEN ROD MILLS v. GREEN.**
**(No. 6542.)**

(Court of Civil Appeals of Texas. San Antonio. April 13, 1921. Rehearing Denied May 11, 1921.)

1. **Master and servant ⬤⟳21—Arbitrary discharge not authorized by contract for satisfactory service.**

Where the master, contractor, or employer retains no absolute right to discharge an employee for unsatisfactory work to him, but the employee merely contracts to give satisfaction in his work, and no absolute right of discharge is reserved, the employee is entitled to the good faith of any act of discharge determined through the intervention of the courts; the employee's agreement to perform satisfactory service not giving the employer an arbitrary right of discharge without cause.

2. **Master and servant ⬤⟳40(1) — Employee questioning honesty of discharge has burden of proof.**

When a contract of employment gives the employer the right to discharge, he may exercise it, but the employee may call the honesty and good faith of his act in question; the burden being on the employee to prove his case by the preponderance of the evidence.

3. **Evidence ⬤⟳471(2)—Testimony as to conclusion that plaintiff's services were unsatisfactory to witness properly excluded.**

In an action by an employee claiming to have been wrongfully discharged, refusal to permit a witness to state as a conclusion that plaintiff's services were unsatisfactory to him *held* not erroneous.

4. **Appeal and error ⬤⟳1058(2)—Exclusion of witness' conclusion harmless, where he was allowed to testify fully as to facts.**

In an action by an employee claiming to have been wrongfully discharged, refusal to permit a witness to state as a conclusion that plaintiff's services were unsatisfactory to him was rendered harmless to defendant employer by the witness being allowed to testify fully as to facts giving the reason why plaintiff was discharged.

5. **Master and servant ⬤⟳40(2)—Evidence of abusive remarks concerning former employer inadmissible.**

In an action by an employee claiming to have been wrongfully discharged, testimony as to plaintiff's abusiveness in speaking of his former employer was properly excluded, being immaterial to any issue.

6. **Master and servant ⬤⟳40(2)—Evidence of prices obtained inadmissible.**

In an action by an employee claiming to have been wrongfully discharged, evidence offered by defendant employer, operating a peanut mill, that a shipment of peanuts which plaintiff employee personally bought had been hulled out and the employer had tried to sell them, but was unable to get the price of No. 1's for them, *held* properly excluded as immaterial.

7. **Master and servant ⬤⟳41(1) — Employee wrongfully discharged cannot recover for damages beyond trial.**

In an action for wrongful discharge, plaintiff employee cannot recover for damages beyond the time of trial.

8. **Master and servant ⬤⟳42(1)—Damages for wrongful discharge difference between salary and actual earnings in other employment.**

The measure of damages of an employee wrongfully discharged is the difference in mon-

ey, if any, which he would have earned under his contract of employment from the date of discharge up to the date of trial, and the money, if any, that he actually earned in other employment, using reasonable diligence to find such employment.

9. **Appeal and error ⊚⟿1050(1)—Testimony of discharged employee that no one had promised him future employment harmless to employer.**

In an action by an employee claiming to have been wrongfully discharged, testimony of plaintiff employee that none of the persons he had worked for had promised him any future employment was harmless to defendant employer, the case having been submitted on special issues.

Appeal from District Court, Tarrant County.

Action by A. H. Green against Golden Rod Mills. From judgment for plaintiff, defendant appeals. Affirmed.

J. W. Stitt, of Fort Worth, for appellant. H. C. Ray, of Idabel, Okl., and Stanley Boykin, of Fort Worth, for appellee.

COBBS, J. This suit was filed to recover $5,250 actual damages, and $10,000 exemplary damages. Plaintiff alleged that he had a contract in writing with defendant, a corporation, employing him for five years at $250 per month; that he served faithfully one year and was then (April 1, 1919) wrongfully discharged by defendant, which had fraudulently employed him to get the benefit of his skill and then discharge him for a cheaper man; that the manager, in discharging him, acted with feeling and anger, had spied upon him in an effort to get some excuse for discharging him—all entitling him to actual and exemplary damages. Since his discharge he had exercised due diligence to get employment and had earned $1,093.14. He asked for $5,250 actual and $10,000 exemplary damages.

Defendant pleaded general and special demurrers, general denial, and that plaintiff, through fraudulent misrepresentations as to his experience and skill and as to the profits in peanut hulling, it being a "secretive" business, and he taking advantage of the ignorance of defendant's officers in such matters, induced defendant to make the contract with him, which contract, on that account, was void; the contract was conditioned upon plaintiff's services being satisfactory; the cost of said plant was nearly twice what appellee, as an inducement to his employment had represented it would be; that he was indolent, disagreeable, incompetent, and unreliable; his services were unsatisfactory and caused the loss of many thousand dollars to defendant; he violated his contract, and for those reasons was discharged. Judgment was asked against him on cross-action.

The case was tried before a jury, verdict returned for plaintiff upon special issues, judgment rendered for $1,197, the difference between his earnings after his discharge and what his salary under his contract would have been up to time of trial, and judgment against defendant on the cross-action.

Appellant's first assignment and proposition complain of the refusal of the court to give a peremptory instruction to the jury to return a verdict for appellant. This is predicated upon the evidence offered showing that appellee's services were not satisfactory. The charge requested and refused sets out the contract between the parties sufficiently for this discussion and determination of the rights of the parties themselves. We copy it as follows:

"Appellant requested the court to charge the jury to return a verdict for defendant in plaintiff's suit, which requested charge was refused by the court and the order of refusal excepted to. In pursuance of their agreement by correspondence the contract was executed April 1, 1918, and reads in part '* * * Golden Rod Mills agrees to pay A. H. Greene $3,000.00 per year for 5 years beginning April 1, 1918, for satisfactory service as superintendent of a peanut plant which it is planned to erect. * * * When the new plant is in operation, he is to devote his entire time and energies to superintending the same at all times looking to the best interests of Golden Rod Mills. During such period of the year as the peanut plant will not be in operation he is to devote his entire time and energies to the needs of the machinery and building of the plant or to the needs of the feed department, in the office, in the mill or on the road as the management shall deem best, and will at all times conduct himself in such manner as to reflect no discredit upon or effect no detriment to the good name or financial welfare of Golden Rod Mills."

There is no provision in the contract self-executing that gives the absolute right to discharge appellee when not giving satisfactory service. We think there is a broad distinction between giving per se the right to discharge in certain cases where the matters are of such a personal character as not to need a jury to determine, and a contract where the employee contracts and obligates himself to perform in general terms satisfactory service.

The charge of the court appears in the judgment of the court, to wit:

"Question No. 1. In discharging the plaintiff did defendant's officers act in good faith? In this connection you are charged that the term 'satisfactory service,' used in the contract introduced in evidence, does not give the employer the legal right to discharge the employee arbitrarily, but such right must be exercised in good faith. Answer 'yes' or 'no.' "

The facts introduced are voluminous pro and con on the subject as to whether or not appellee performed "satisfactory service as

---

superintendent." The jury, in reply to this charge, answered, "No." We will not undertake to discuss the evidence submitted in this case, because there were issues of fact both ways sufficient to support their finding.

[1] Where the master, contractor, or employer retains no absolute right to discharge an employee for unsatisfactory work to him, but the employee merely contracts to give satisfaction in his work, and no absolute right of discharge is reserved, under the very nature of the contract such right can be made an issue of fact. Indeed, whenever, in the exercise of the right to discharge, the employer acts fraudulently, or so arbitrarily as to amount to a fraud, the employee is entitled to have the good faith of such act determined through the intervention of the courts. To annul and cancel a contract upon the ground that the agreement is to perform satisfactory service does not mean to give the arbitrary right, without cause, of discharge during its existence, but such act must be done in good faith in the honest exercise of the power. No one should know better than an employer whether the work of the employee is satisfactory or not. But that may not be conclusive, however impossible it may be for a jury to see into the heart of the employer to determine whether the employer was in fact dissatisfied, or that by virtue of a sham, caprice, or fraud he invented a reason to get rid of a competent person who was in fact performing his contract in such way as should give satisfaction. Matador Land & Cattle Co. v. White, 82 Tex. 477, 18 S. W. 603; Tenant v. Fawcett, 94 Tex. 111, 58 S. W. 824; Watkins & Thurman v. Napier, 44 Tex. Civ. App. 432, 98 S. W. 904; Sanger v. Slayden, 7 Tex. Civ. App. 605, 26 S. W. 847; Noa Spears Co., v. Inbau, 186 S. W. 357. The last-named case was decided by this court. The opinion of the court was written by Mr. Justice Swearingen. That decision is conclusive of this case. It involved the determination of the right of an employer under a contract in which the same issue of performance of the service to the satisfaction of the employer was involved and which, like this case, the jury found he did perform satisfactorily.

[2] When the right is given to discharge, the employer may exercise it, but as shown the employee may call the honesty and good faith in question, but the burden is on him to prove his case by the preponderance of the evidence. See, also, the case Beissel v. Vermillion Farmers' Elevator Co., 102 Minn. 229, 113 N. W. 575, 12 L. R. A. (N. S.) 403, and annotated notes.

It may be said, in every contract of employment, there is a mutual obligation of fair dealing implied on both parts, and that the employee will perform his work with diligence and fidelity. There is not much difference between such an implication of duty under every contract of employment from the one here that it will be "for satisfactory service." But in this case the jury has settled the dispute on that issue, and we overrule this assignment.

The second assignment, for the same reason, is overruled, because the charge of the court stated correct principles of law as discussed above. It was proper to tell the jury that "satisfactory service," as used, did not give the right to discharge the employee arbitrarily, but such right must be exercised in good faith.

We overrule the third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments for the same reason, for they raise the same question in different forms as in the foregoing assignments.

[3, 4] There is no merit in the eleventh assignment, that J. R. Stitt was not permitted to state as a conclusion that plaintiff's services were unsatisfactory to him. If so, it was rendered harmless by his being allowed to testify fully as to the facts giving the reason why appellee was discharged, and it is overruled.

To the same effect are the twelfth and thirteenth assignments of error, except that they relate to other witnesses, and for the same reason they are overruled.

[5] The fourteenth and fifteenth assignments complain that the court erred in not permitting witness J. R. Stitt to testify as to the abusiveness of plaintiff in speaking of his former employer, C. H. Bencini. The appellant was speaking with reference to a former employer. It was immaterial to any issue to be determined here, and the court did not err in ruling it out. If admitted for the purpose desired, it did not tend to show he would not perform his work satisfactorily.

[6] Appellant complains in the sixteenth assignment that the court erred in not permitting it to show that a shipment of peanuts which plaintiff personally bought had been hulled out and the witness had tried to sell them, but was unable to get the price of No. 1's for them. Appellant refers to bill of exception No. 20 for the contents, but it is not shown in the brief. We do not see the materiality of this testimony. It would not show that they had not been properly graded, or tend to show his incompetency to such an extent as justified his discharge; would not have shown that they were improperly graded and for that reason unsalable in the market. There was other testimony that went to the jury that the peanuts in question did not grade No. 1.

[7-9] The seventeenth assignment complains as follows:

"The court erred in permitting the plaintiff to testify, over the objection of defendant, that none of the persons he had worked for had promised him any future employment, as more fully shown in defendant's bill of exception No. 4."

The appellee testified that no one promised him any future employment, spoken of in the assignment. There can be no recovery in such cases for damages beyond the time of the trial. Litchenstein v. Brooks, 75 Tex. 196, 12 S. W. 975; Canal Co. v. Quinn, 161 S. W. 375. Besides, the court submitted the correct rule for the measure of damages in this case, which special issue and answer of the jury are as follows:

"What is the difference in money, if any, which the plaintiff would have earned under his contract with defendant from the 1st day of April, 1919, up to the time of this trial, and the money, if any, that the plaintiff has actually earned in other employments?

"Answer: $1,197."

It limited the recovery up to the time of trial, then asked them to find: "Did plaintiff use reasonable diligence to secure other employment after his discharge?" And they answered, "Yes."

We do not see any possible injury done by permitting witness to say no one promised him any future employment. It was his duty to seek other employment to minimize his damages anyway, and the testimony shows he secured work as a common laborer and worked himself up to a foreman in an automobile plant within the period of a year.

The case was submitted on special issues, and such testimony could not in any way have hurt appellant.

There are no errors assigned calling for a reversal of the judgment in this case, hence they are all overruled, and the judgment is affirmed.