**W.C. LAROCK, D.C., P.C. d/b/a Coronado Chiropractic Clinic, Appellant,**

**v.**

**Steven ENABNIT, D.C., Appellee.**

**No. 08–91–00091–CV.**

Court of Appeals of Texas, El Paso.

July 31, 1991.

Rehearing Overruled Aug. 28, 1991.

David J. Kimmelman, Gage, Beach & Ager, El Paso, for appellant.

Luther Jones, Jones & Georges, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from an order denying a temporary injunction to enforce a covenant not to compete. We affirm.

Enabnit began working for the chiropractic clinic as a practicing employee one month before the contract in issue was signed. The contract was labeled "Independent Contractor Agreement," and stated that Enabnit was to receive the use of the Clinic's office space, chiropractic equipment, office staff and procedures for the purpose of practicing chiropractic. The term was indefinite and terminable by either party. It further provided that Enabnit would not engage in competition within a thirty mile radius of one of the Clinic's offices (to be selected by the Clinic) for a period of one year after the date of the termination of the contract. Enabnit left the Clinic and opened his own practice some nine miles away. The trial court granted the Clinic a temporary restraining order of Enabnit's practice but denied a temporary injunction.

 A covenant not to compete is enforceable to the extent that it: (1) is ancillary to an otherwise enforceable agreement; and (2) contains reasonable limitations as to time, area and scope of activity. If the covenant meets the criteria specified in the first part, but not the second part, the court shall reform to the extent necessary to cause the covenant to meet the second part. *Property Tax Associates, Inc. v. Staffeldt,* 800 S.W.2d 349 (Tex. App.—El Paso 1990, writ denied). Tex. Bus. & Com.Code Ann. § 15.51 (Vernon Supp.1991).

 The trial court found the contract that the covenant was ancillary to was unenforceable because there was no meeting of minds by the parties to enable the formation of a contract. The contract purported to be one for independent chiropractic services. Enabnit's actual work performance and salary therefor, always was effectuated in the status of an employee. Whether the contract in question was a sham to gain insurance or some other advantage is not of record. From the evidence, however, the trial judge could have reasonably concluded that the parties never intended the written contract to be carried out. Mutual intent to contract is essential. *Farley v. Clark Equipment Company,* 484 S.W.2d 142 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). No contract is formed by the signing of an instrument when the offeree is aware that the offerer does not intend to be bound by the wording of the instrument. *Hamilton v. Boyce,* 234 Minn. 290, 48 N.W.2d 172 (1951). This case concerned an illusory contract for a partnership which masked an agency relationship for tax advantage purposes.

 The trial court has great discretion in granting or denying a temporary injunction, and its action will not be disturbed on appeal unless a clear abuse of discretion is shown. *Hartwell's Office World, Inc. v. Systex Corporation,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In reviewing the order denying the temporary injunction, we must draw all legitimate inferences from the evidence in a light most favorable to the trial court's judgment. The applicant has the burden of offering some evidence which establishes a probable right of recovery; he must show more than a mere possibility of injury. *Id.* An abuse of discretion of the trial court exists only when the record reflects that the findings of the trial court necessary to sustain its order are not supported by some evidence of a substantial and probative character. *Travel Masters, Inc. v. Star Tours, Inc.,*

742 S.W.2d 837 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). Upon consideration of the entire record in this case, this Court fails to find an abuse of discretion by the trial court.

The order denying a temporary injunction is affirmed.