**INTEGRATED INTERIORS,
INC., Appellant,**

v.

**David R. SNYDER, Appellee.**

**No. 17991.**

Court of Civil Appeals of Texas,
Fort Worth.

April 13, 1978.

Opinion on Motion for Temporary
Injunction May 18, 1978.

Brown, Herman, Scott, Dean & Miles and Shelby Sharpe, Fort Worth, for appellant.

Brown & Stucker and Michael W. Stucker, Dallas, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from an order of the trial court denying a temporary injunction. Integrated Interiors, Inc. (appellant) sued David R. Snyder (appellee) to enforce the provisions of an employment contract and a covenant not to compete with appellant for a period of three years within fifty miles of its principal place of business.

Reversed and remanded, with instructions.

By its sole point of error, appellant contends that the trial court erred in failing to temporarily enjoin appellee from competing with its business within a fifty mile radius of its principal place of business in Tarrant County, Texas, during the pendency of these proceedings, since the record establishes by undisputed facts that appellant is entitled to enforce the restrictive covenant of the employment contract, and thus, the trial court has abused its discretion in failing to grant the temporary injunction.

Appellee signed an employment contract with appellant on May 21, 1976. The term of the employment contract was for three years, beginning April 1, 1976, and ending March 31, 1979.

The important provisions of the employment contract are as follows:

"Sec. 1:3. *Duties of Employee.* Employee is initially employed as President of Company, however, it is understood and agreed that Employee is subject to the direction and control of Employee's immediate supervisors and by the Company's Board of Directors. . . ."

"Sec. 3:1. *Disclosure of Confidential Information; Covenant Not To Compete.* Company possesses secret and confidential equipment, techniques, processes, procedures, technique data and information, and customer lists used or intended for utilization in its operations of which Employee has obtained or may obtain knowledge, and Company would suffer serious harm if this confidential information were disclosed or if Employee used this information to compete against Company. Accordingly, Employee hereby agrees that simultaneously with the execution of this Contract he shall execute and deliver to Company and thereafter abide by the terms of a 'Confidentiality Agreement and Covenant Not to Compete', a copy of which is attached hereto as Exhibit A."

The contract further provides that appellee is to be paid a salary of $1150.00 per month.

Appellee also signed the "Confidentiality Agreement and Covenant Not to Compete" on May 21, 1976. The covenant not to compete is limited to the area within fifty miles of appellant's principal place of business and is effective for a period of three years.

The appellee testified to the following facts: (1) The contract of employment contained all the terms of the agreement between the parties; (2) His salary has never been lowered, but had been increased to $1350.00 per month; (3) While still in appellant's employment, he requested his attorneys to draft the articles of incorporation for a business known as A C D, Inc.; (4) On May 31, 1977, he delivered to appellant a letter resigning his position as President of

the company; (5) He had not been terminated from his employment with appellant and his resignation was not requested; (6) He is now the President and a member of the Board of Directors of A C D, Inc.; (7) A C D, Inc.'s principal place of business is located at 2419–B Weaver Street in Fort Worth, Texas, which is within fifty miles of appellant's principal place of business; (8) The business of A C D, Inc. is essentially the same as appellant's business and competes with appellant's business; (9) After leaving his employment with appellant, he bid (on behalf of A C D, Inc.) on two jobs that he had previously submitted bids on behalf of appellant, and A C D, Inc. had been awarded these contracts.

The controversy narrows down to the meaning of the following sentence in the employment contract, whereby it provides that "Employee is *initially* employed as President of Company . . . ." (Emphasis added.) The real dispute on appeal concerns the effect of the word "initially" in the employment contract. Basically, appellee contends that appellant breached the employment contract, in that many of his duties as President were gradually being taken away from him, so that most of his activities were those of a salesman. In his brief, appellee argues that the "intention of the parties pursuant to the language of the contract was that defendant was employed as president for three years."

Appellant contends that Article I, Sec. 1:3 of the employment contract (quoted previously) gave it the legal right to remove appellee as president, either by a formal removal or by a *de facto* removal. Appellant contends that the phrase "initially employed as President" only meant that it agreed to start appellee as president. Appellant argues that the word "initially" means "at the beginning."

■ As our Supreme Court wrote in *Fox v. Thoreson*, 398 S.W.2d 88, 92 (Tex.1966): "(L)anguage used by the parties should be given its plain grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated."

■ We agree with appellant that the word "initially" means "at the beginning". Appellee was to begin his duties with appellant as president, but as the contract of employment provides, those duties were subject to direction and control by the appellant's board of directors and his immediate supervisors.

■ The only question to be decided on appeal in the granting or refusal of a temporary injunction is whether the trial court abused its discretion in entering the order appealed from. *City of Houston v. Southwestern Bell Tel. Co.*, 263 S.W.2d 169, 171 (Tex.Civ.App.—Galveston 1953, writ ref'd). However, the discretion of the trial court is not unlimited and such discretion does not extend to the erroneous application of the law to undisputed facts. *Southland Life Ins. Co. v. Egan*, 86 S.W.2d 722, 722–723 (Tex.Comm'n.App.—1935, opinion adopted); *Hayden v. City of Houston*, 305 S.W.2d 798, 801 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.).

The cases of *John L. Barmlet & Company v. Hunt*, 371 S.W.2d 787 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.) and *Parker v. Smith*, 254 S.W.2d 144 (Tex.Civ.App.—San Antonio 1952, no writ) are very compelling, due to their similarity with the facts of the case at bar. Another persuasive case is *Weed Eater, Inc. v. Thomas W. Dowling, Jr.*, 562 S.W.2d 898 (Tex.Civ.App.—Houston (1st Dist.) 1978).

■ Covenants not to compete are enforceable, if they are reasonably limited as to time and geographic territory. *John L. Bramlet & Company v. Hunt, supra*, at 788. In the case at bar, both the time and territory limitations contained in the covenant not to compete are reasonable.

■ The record clearly indicates that appellant's business is being adversely affected by appellee's violation of the covenant not to compete. Having read the entire record, we must conclude that there is no dispute as to the material facts. Accordingly, the trial court fell into error in refusing to grant the temporary injunction against appellee.

The order of the trial court denying the temporary injunction is reversed and this cause is remanded to the trial court with instructions to grant a temporary injunction against appellee, restraining him from violating the terms of his employment contract and covenant not to compete with appellant until a trial of the cause can be had on the merits, or until otherwise ordered by the trial court.

Reversed and remanded, with instructions.

## OPINION ON MOTION FOR TEMPORARY INJUNCTION

For full background information on this case, see this court's opinion in *Integrated Interiors, Inc. v. Snyder*, 565 S.W.2d 350 (Tex.Civ.App.—Fort Worth, opinion handed down April 13, 1978). Briefly stated, Integrated Interiors, Inc. (appellant) sued David R. Snyder (appellee) to enforce the provisions of an employment contract and a covenant not to compete with appellant for a period of three years within fifty miles of its principal place of business. This court reversed the trial court's order and remanded the cause to the trial court with instructions to grant a temporary injunction against appellee, "restraining him from violating the terms of his employment contract and covenant not to compete with appellant until a trial of the cause can be had on the merits, or until otherwise ordered by the trial court."

Appellee's attorney has advised appellant that he intends to file an application for writ of error with the supreme court of Texas. Pending possible action by our supreme court, appellant has requested this court to issue a temporary injunction enjoining David R. Snyder in accordance with this court's opinion handed down on April 13, 1978. Based upon the authority of *Guerra v. McClellan*, 243 S.W.2d 715 (Tex.Civ.App.—San Antonio 1951, mand. overr.) and *Barron v. Phillips*, 544 S.W.2d 752 (Tex.Civ.App.—Texarkana 1976), we have decided to issue a temporary injunction, conditioned upon the posting by appellant of a good and sufficient bond as required by law and the

Texas Rules of Civil Procedure, in the amount of $10,000.00 with at least one corporate surety. Said bond is to be approved by the Clerk of the court of civil appeals. The temporary injunction shall be effective until the mandate in this cause shall have been returned to the 17th district court of Tarrant County.