**Tracy BERGMAN, et al., Petitioners,**

v.

**NORRIS OF HOUSTON, et al., Respondents.**

**No. C–6034.**

Supreme Court of Texas.

July 15, 1987.

Rehearing Denied Sept. 16, 1987.

Reynolds, White Allen & Cook, Inc., P.J. Murphey Harmon, Houston, and J. Bruce Bennett, Austin, for petitioners.

Thomas G. Bousquet, Bousquet & Associates, Houston, for respondents.

KILGARLIN, Justice.

At issue is the validity of a covenant not to compete contained in an employment contract. Based on a jury verdict in a suit for permanent injunction, the trial court enjoined four former employees of Norris of Houston from competing against their ex-employer for three years within a 15–mile radius of Norris' Town & Country

business location. In an unpublished opinion, the court of appeals affirmed the judgment of the trial court. We reverse the judgment of the court of appeals and render judgment dissolving the injunction.

Norris of Houston is a hair styling salon chain in Houston with six locations and sixty-five employees. The manager at each salon does the hiring, firing and operating of the particular salon. Norris of Houston requires all of its employees to sign an employment contract which contains a covenant not to compete.

The four former employees of Norris at its Town & Country salon are Diana Aschwege, Tracy Bergman, Rhonda Stewart, and Ruth Bobon. Aschwege began employment with Norris on August 25, 1975, after attending Norris' barber college. She became manager of the Town & Country salon in 1981. Aschwege hired the other three petitioners, Bergman, Stewart, and Bobon. Bergman began working for Norris in July, 1983. Before joining the Town & Country salon, Bergman worked for two years at two other hair stylist shops. Stewart began work for Norris in September, 1983. She previously worked for two years at two other stylist shops. Bobon started working for Norris in January, 1984. She previously worked for three and one-half years at another hair stylist shop.

Initially, the only customers of the four ex-employees at the Town & Country salon were those who followed them there. There was little walk-in business and no advertising to obtain new customers. The stylists acquired new customers through referrals and personal solicitations.

The contracts signed by Bergman, Stewart and Bobon contained agreements that after leaving Norris, the three would not, for three years, and within a fifteen mile radius, compete in any hair styling or barbering business, divulge any trade secret, or solicit or divert customers from Norris. Aschwege's contract included all of Harris County and prevented her from engaging in the business for three years and divulging trade secrets.

Because of disagreements over Norris' benefits program, all four of the stylists resigned from Norris September 27, 1985. They sent out notices to over 1,300 of their customers at Norris Town & Country. When the stylists left, they also took the manicurist, leaving no one at the salon. About two weeks later, Aschwege, Bergman, Stewart, and Bobon went to work at Shea's, a hair salon located approximately three miles from Norris' Town & Country location. Shea's is owned by the father-in-law of Bergman.

The issue before this court is whether the covenant not to compete contained in the employment agreements is enforceable. In this regard, the four former employees argue that the covenant not to compete is void because they are engaged in a "common calling."

In *Hill v. Mobile Auto Trim, Inc.*, 725 S.W.2d 168 (Tex.1987), we held that a non-competition covenant contained in a franchise agreement was void as being against public policy. We specifically rejected from being enforceable covenants restricting the right to engage in a common calling. *Id.* at 172. We did, however, recognize certain non-competition agreements to be permissible if they otherwise met time and area reasonableness tests. *See Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). Considerations affecting determination of validity included the employer/franchisor giving consideration. Also recognized as permissible were covenants not to compete incident to the sale of a business or covenants not to compete where the employer has provided special training or knowledge.

Barbering, however labeled, is a common calling. Conferring upon Aschwege the title of manager of a hair salon does nothing to alter that status. Whether an employee is engaged in a common calling is a question of law to be decided from the facts of each individual case. We hold that Aschwege, Bergman, Stewart, and Bobon are engaged in a common calling and as such the covenants not to compete are unenforceable as to them, there being no sale of a business or imparting of specialized knowledge or information involved.

The judgment of the court of appeals is reversed and the injunction is dissolved.

GONZALEZ, J., files a concurring and dissenting opinion in which HILL, C.J., joins.

GONZALEZ, Justice, concurring and dissenting.

I concur in that part of the court's judgment which holds the covenant not to compete in Bergman's, Stewart's and Bobon's employment contracts is unenforceable. However, I disagree with the court's judgment as to Aschwege.

Before Aschwege began working for Norris, she had no customers; when she left, she sent notices to 500 customers and now services 400 of those customers. She was the manager of the salon with authority to hire and fire. She attended monthly meetings in which the managers collectively formulated business policy to improve an already well-established and successful business. Norris' legitimate business interest as to Aschwege should be protected.

Therefore, I would affirm the judgment of the court of appeals as to Aschwege and reverse and render that the injunction as to Bergman, Bobon and Stewart be dissolved.

HILL, C.J., joins in this concurring and dissenting opinion.