**James W. BLAND, Appellant,**

v.

**HENRY & PETERS, P.C., Appellee.**

**No. 12–87–00073–CV.**

Court of Appeals of Texas, Tyler.

Sept. 13, 1988.

Rehearing Denied Oct. 28, 1988.

———

Joe Thigpen, Conner & Thigpen, Tyler, for appellant.

Charles Clark, Tyler, for appellee.

**OPINION ON REHEARING**

COLLEY, Justice.

On July 14, 1988, we delivered our original opinion in this cause. In that opinion we affirmed the trial court's judgment awarding liquidated damages to Henry & Peters for Bland's breach of a post-employment restraint contained in his employment contract with Henry & Peters.

Bland timely filed a motion for rehearing in this court claiming we erred in affirming the judgment. By the sixth point of error alleged in support of his motion, Bland contends we erred in concluding that the post-employment restraint imposed on Bland here "was supported by valuable consideration." Two recent opinions[1] by the Texas Supreme Court, delivered on July 13, 1988, and addressed in this opinion, support Bland's point. We sustain the point, grant Bland's motion for rehearing, and withdraw our former opinion.

This is a case involving a post-employment restraint ancillary to an employment contract. We reverse and render.

Plaintiff/appellee, Henry & Peters, P.C., an accounting firm, brought suit against defendant/appellant, James W. Bland, a certified public accountant, to recover damages for breach of a noncompetition agreement contained in an "Employment Agreement" between Henry & Peters, employer, and Bland, employee. The contract dated July 16, 1980, included a paragraph numbered four, reading as follows:

> 4. The employee agrees to completely refrain from extending any service whatever, whether directly or indirectly for his own behalf, to any client of the employer, or to any officer, employee, or related entity of such client, during his employment and for two years thereafter. In the event that such an infringement of this contract occurs, the employee agrees to pay to the employer liquidated damages of two times the employer's annual fees received from the client prior to the infringement. This

---

1. *DeSantis v. Wackenhut Corp.,* 31 Tex.Sup.Ct.J. 616 (July 13, 1988), and *Martin v. Credit Protec-* *tion Association, Inc.,* 31 Tex.Sup.Ct.J. 626 (July 13, 1988).

provision or infringement does not cover nor include clients brought to the firm at the time employment began, or who were clients of the employee prior to the time employment began, or any clients related to the employee.

The case went to trial before a jury on December 8, 1986. Both parties rested on December 9 and each made a motion for an instructed verdict. The jury was excused until December 10, 1986, at 1:30 p.m. On December 10, outside the presence of the jury but with the parties and their counsel present, the trial judge granted Henry & Peters' motion, withdrew the case from the jury, and pronounced judgment in favor of Henry & Peters. The judgment awarded damages in the amount of $28,060.00 and attorney's fees to Henry & Peters.

Bland, in eighteen points of error, contends that there is no evidence and insufficient evidence to support the trial court's findings that the noncompetition agreement (1) imposes no greater restraint on Bland than is necessary to protect Henry & Peters' legitimate business interest, (2) imposes no undue hardship on Bland, (3) is limited to a "specified, ascertainable group" and no territorial limits apply, (4) "does not limit the right of the public or the clients of [Henry & Peters] to [use] the services of an accountant of their choice," (5) is supported by adequate consideration, and (6) provides for reasonable liquidated damages. Bland also claims that the court erred in enforcing the agreement because no territorial limits were set forth in the same, and the court erred in sustaining special exceptions and striking certain paragraphs of Bland's original answer. For all of these reasons,[2] Bland claims the agreement is unreasonable and unenforceable.

The undisputed evidence in the case reveals the following. Henry & Peters was first established in Tyler in 1929 and has been engaged in the accounting business continuously since that time. At the time of trial in 1986, the firm employed twenty-five accountants, and while the far greater number of its clients resided in Smith County, the firm did have some clients who lived in other portions of "East Texas."

Robert E. Henry, a certified public accountant and former president of Henry & Peters, testified that when accounting firms are sold the purchase price usually amounts to a figure equal to one and one-half times the amount of its accounts receivable; and that each new accountant employed by Henry & Peters is required to sign a written employment agreement containing a provision similar to paragraph four of the July 16, 1980, agreement. Henry also stated that the individual clients' accounts are normally handled by one certified public accountant employee, and Bland's services were utilized in this manner. He related that some of the clients for whom Bland performed services following his termination[3] were long-time clients of Henry & Peters. Henry further testified that the greater part of Henry & Peters' new business was acquired by "referral from clients, from business and repeat business." Henry stated that it was virtually impossible to calculate the actual damages resulting to the firm in instances where the firm loses a client or clients to a departing employee; hence the formula of "two times the [firm's prior] annual fees received from the client" diverted by the former employee was adopted by agreement to determine the amount of damages resulting to the firm in such circumstances. Henry testified that he informed Bland that he would be required to sign such an agreement before Bland made his decision to join the firm in 1977. Bland presented no evidence at trial.

As we understand Bland's points of error, he does not contend that the trial court erred in withdrawing the case from the jury. Indeed, we are persuaded that the court correctly took that action. The question of the reasonableness of the restraint imposed is a law question. *Henshaw v.*

---

**2.** Other than the claim that the court erred in sustaining the special exceptions.

**3.** Bland voluntarily left his employment with Henry & Peters on August 31, 1981, after approximately four years of association with the firm.

*Kroenecke,* 656 S.W.2d 416, 418 (Tex.1983). Furthermore, the undisputed evidence introduced by Henry & Peters conclusively establishes the names of Henry & Peters' clients for whom Bland performed accounting services within the two-year post-employment period, as well as the annual fees paid Henry & Peters prior to Bland's departure in August 1981. No material fact issue existed at the close of the evidence which would have required submission to the jury. The sole question before the trial court and this court is whether the restraint imposed on Bland was a reasonable one under the undisputed facts and circumstances here existing.

Bland argues that the restraint imposed on him is unreasonable under the authority of *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168 (Tex.1987), and *Martin.* The court in *Hill* stated that, to be reasonable, a restraint must meet four criteria:

First, the covenant must be necessary for the protection of the promisee. That is to say, the promisee must have a legitimate interest in protecting business goodwill or trade secrets. Second, the covenant must not be oppressive to the promisor, as courts are hesitant to validate employee covenants when the employee has nothing but his labor to sell. In this respect, the limitations as to time, territory, and activity in the covenant not to compete must be reasonable. (Citations omitted.) Third, the covenant must not be injurious to the public, since courts are reluctant to enforce covenants which prevent competition.... (Citations omitted.)

Finally, as with any contract, the noncompetitive agreement should be enforced only if the promisee gives consideration for something of value. (Citations omitted.)

*Id.* at 170, 171. The *Hill* court, based on the facts and the circumstances of that case, as well as the character of Auto Trim's business and Hill's training and skills, concluded that Hill's promise not to compete with Mobile was unsupported by any consideration; that Mobile had no legitimate business interest that Hill's promise was "necessary to protect"; and that "the covenant [was] oppressive to ... Hill." After so concluding, the court noted that Hill was a skilled auto trim repairman who was engaged in a "common calling" and adopted the rule earlier adopted by the Utah Supreme Court, viz., " '[c]ovenants not to compete which are primarily designed to limit competition or restrain the right to engage in a common calling are not enforceable.' *Robbins v. Finlay,* 645 P.2d 623, 627 (Utah 1982)." The decision in *Hill* was reaffirmed and somewhat explained by its author in *Bergman v. Norris of Houston,* 734 S.W.2d 673, 674 (Tex.1987), wherein the court held that a post-employment restraint against four hair stylists or barbers limited for "three years, and a fifteen mile radius [of the former employer's business]" was unenforceable because the employees were "engaged in a common calling" and there was "no sale of a business or imparting of specialized knowledge or information involved." *Id.* at 674.

In *Martin,* the unanimous court considered "an employment agreement in which [Martin] agreed not to compete with [Credit Protection Association, Inc.] for three years following termination [of his employment]." *Martin,* 31 Tex.Sup.Ct.J. at 626. At the time Martin terminated his employment, he was a vice president of Credit Protection Association, Inc.; however, the court, ignoring the title, said, "Martin was and is a salesman, a 'common calling' occupation." *Id.* Relying on *Hill,* the *Martin* Court stated, "We will not restrain the right of any individual to engage in a common calling." *Id.*

In *DeSantis,* the unanimous court held, as a matter of law, that DeSantis, office manager in the Houston office of Wackenhut, "was a professional in the security business";[4] that he was responsible for handling large sums of money and many facets of the corporation's business; and, therefore, "was not engaged in a common calling." *DeSantis,* 31 Tex.Sup.Ct.J. at 620. After so concluding, the court found the

---

4. The business in which Wackenhut was engaged.

covenant [5] not to compete, when tested under *Hill's* criteria, unreasonable in two respects: First, the "covenant" was not necessary to protect Wackenhut; [6] and second, the promise of DeSantis was not supported by valuable consideration. As to the latter conclusion, the court noted that in *Hill*, the court "wrote that 'the special training or knowledge acquired by the employee through his employer is valuable consideration.'" *Hill*, 725 S.W.2d at 171. The *DeSantis* Court appears to construe *Hill* as holding that the *only* consideration that will support a covenant not to compete ancillary to a contract of employment, *whether or not the employee is engaged in a common calling*, is the imparting by the employer to the employee of special training or knowledge.[7] If this be true, the issue of law as to whether the promisor-employee is engaged in a common calling is irrelevant in post-employment restraint cases not involving the sale of a business.

Bland received no special training or knowledge specifically imparted to him by Henry & Peters or its officers. He came into Henry & Peters' employment with experience in accounting, and with sufficient skills and knowledge to practice his profession, although no one could reasonably argue that his years of work with Henry & Peters did not greatly enhance those skills and that knowledge. However, it seems clear that the opinions in *Hill*, *Bergman*, *DeSantis*, and *Martin* have effectively repudiated long-honored, common-law principles relating to consideration as applied to the law of contracts in cases involving post-employment covenants not to compete, or covenants and promises which limit an employee's right to compete with his former employer. We disagree with the Supreme Court's apparent abolition of these sound common-law principles, as well as its disregard of the distinction between a restraint which forbids competition and one which only operates to prevent the employee, for a reasonable period of time, from diverting the clients or customers of his former employer. Nevertheless, it is our duty to adhere to that Court's law pronouncements. Therefore, we reverse the trial court's judgment and here render judgment that Henry & Peters take nothing by this suit. All costs incurred in the trial court and in this court are adjudged against Henry & Peters.

---

5. The language of the covenant is not found in the opinion of the Supreme Court, but the opinion of the court of appeals in *DeSantis v. Wackenhut Corporation*, 732 S.W.2d 29, 31 (Tex.App.–Houston [14th Dist.] 1987), recites that "DeSantis was required to sign a non-compete [sic] agreement" which "precluded him from engaging in any business or other activity that is competitive with the business conducted by Wackenhut within the geographical limits of the area office (a forty-county [sic] area including and surrounding Harris County) for a period of two years...." *Id.* at 31.

6. The court equated the jury's failure to find that Wackenhut "would suffer irreparable harm as a result of DeSantis' breach of the covenant" with the failure of Wackenhut to procure a finding "that the covenant was necessary to protect Wackenhut.

7. Unfortunately, the phrase, "special training or knowledge" is yet undefined by the Supreme Court.