WABASH LIFE INSURANCE COMPA-
NY, Massachusetts General Life
Insurance Company, Plaintiffs,

v.

W. Herman GARNER, et al.,
Defendants.

W. Herman GARNER, and Walt Garner
Associates, Inc., Cross– and
Counter–Plaintiffs,

v.

I.C.H. CORPORATION, Massachusetts
General Life Insurance Company, Wa-
bash Life Insurance Company, C. Fred
Rice, Lee G. Baker, Sherman Lay, and
Great Southern Life Insurance Compa-
ny, Cross– and Counter–Defendants.

Civ. A. Nos. 3–87–2641–H, 3–87–2789–H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 8, 1989.

Robert Mowrey, Martin Griffin, Laura
Peterson House, Nancy A. Strehlow, Locke
Purnell Rain Harrell, Dallas, Tex., for
plaintiffs.

Stephen F. Shaw, Dallas, Tex., William
Watts, Joseph Shannonhouse, IV, Andrews
Davis Legg Bixler Milsten & Murrah, Okla-
homa City, Okl., Rhonda R. Winslett,
James S. Ramsey, Jr., Hughes & Luce,
Dallas, Tex., Peter A. Foley, Leboeuf Lamb
Leiby & MacRae, Raleigh, N.C., for defen-
dants.

## ORDER

SANDERS, Chief Judge.

Before the Court is Plaintiffs' Motion for
Partial Reconsideration of the August 22
Order, filed October 19, 1989; Defendant
Walt Garner Associates Inc. and W. Her-
man Garner's Response, filed November 8,
1989; Defendant Occidental Life Insurance
Company of North Carolina's Response,
filed November 8, 1989; and Plaintiffs' Re-
ply, filed December 4, 1989; Defendants
WGA & Garner's Motion to Determine Un-
disputed Damages and Motion for Judg-
ment Under Rule 54(b), filed November 2,
1989; and Plaintiffs' Response, filed No-
vember 20, 1989; Plaintiffs' Motion for
Clarification or Reconsideration, filed Sep-
tember 11, 1989; Defendant Occidental's
Response in Opposition, filed September 19,
1989; Defendants WGA and Garner's Brief

in Response, filed September 21, 1989; Plaintiffs' Motion for Certification Under 28 U.S.C. § 1292(b), filed September 11, 1989; Defendant Occidental's Response in Opposition, filed September 19, 1989; and Defendants WGA and Garner's Brief in Opposition, filed September 21, 1989.

## I. PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF THE AUGUST 22nd ORDER

### A. *The August 22nd Order.*

Plaintiffs' Motion for Partial Reconsideration of the August 22nd Order seeks review of the Court's August 22nd Memorandum Opinion and Order (the "Order") which granted partial summary judgment to Plaintiffs and partial summary judgment to Defendants on several disputed issues. The rulings in the Order pertinent to Plaintiffs' present motion (1) granted partial summary judgment against Plaintiffs' on their claim for tortious interference with contractual relations insofar as the claim relied on an unenforceable covenant not to compete contained in an employment/agency agreement; and (2) granted partial summary judgment for Defendants on a breach of contract claim for the recovery of renewal commissions allegedly owed under the employment/agency agreement.

### B. *The Court's Ruling on the Non–Competition Covenant.*

█ Plaintiffs argue that a new Texas statute "significantly changes" the case law which has previously governed both the substantive and procedural treatment of restrictive covenants. This eleventh-hour white knight has appeared in the form of new Section 15.50 of the Texas Business and Commerce Code:

Sec. 15.50. CRITERIA FOR ENFORCEABILITY OF COVENANTS NOT TO COMPETE. Notwithstanding Section 15.05 of this code, a covenant not to compete is enforceable to the extent that it:

. . . . .

(2) contains reasonable limitations as to time, geographical area, and scope

of activity to be restrained that do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Act of June 16, 1989, ch. 1193, § 1, 1989 Tex.Sess.L.Serv. 4852 (Vernon) (hereinafter "the Statute"). Plaintiffs believe that this statute requires the reasonableness of a covenant to now be measured solely by the need to protect the employer's business interest. Unlike prior analyses contained in cases like *Hill v. Mobile Auto Trim,* 725 S.W.2d 168 (Tex.1987) and *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960), the employee's interest in this new formula has become irrelevant. Plaintiffs then proceed to demonstrate that the Court failed to properly evaluate, even under the pre-statute standard, Plaintiffs' business interest, such that the Court's analysis could not comport with the Statute's new measure under any circumstances.

It is clear to this Court that the new statute has merely adopted the case law formulation for determining enforceability of non-competition covenants. In their selection of language from *Weatherford, supra,* Plaintiffs have overlooked the Texas Supreme Court's first definition of the relevant test:

"[T]he test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer."

*Weatherford,* 340 S.W.2d at 951; *NCH Corp. v. Share Corp.,* 757 F.2d 1540, 1542 (5th Cir.1985). A closer match to the statute's language is unnecessary. *See also Hill,* 725 S.W.2d at 170–71 (citing *Weatherford*); *Henshaw v. Kroenecke,* 656 S.W.2d 416, 418 (Tex.1983) (same). The remaining portions of the *Weatherford, Hill,* and *Henshaw* analyses each delineate the necessary balance that a court must strike in order to validate such a covenant; they do not, however, ignore the need to balance the interests of the employer and employee. The complicated and fact-intensive aspects of each individual business relation-

ship cannot fairly be evaluated without an examination of each party's particular needs and interests. *See NCH Corp., supra,* 757 F.2d at 1543; *Diversified Human Resources Group, Inc. v. Levinson–Polakoff,* 752 S.W.2d 8, 11 (Tex.App.—Dallas 1988, no writ).

The legislative history of the Statute strongly supports such a reading. Both the House and Senate authors of the legislation explained to their committee colleagues that the Statute essentially codifies the common law test enunciated in *Weatherford* and its progeny. *See* Debate on Tex.S.B. 946 before the Senate Economic Dev.Comm., 71st Leg. (Apr. 3, 1989); Debate on Tex.S.B. 946 on the Floor of the Senate, 71st. Leg. (Apr. 11, 1989); Debate on Tex.H.B. 1026 before the House Business and Commerce Comm., 71st Leg. (Mar. 20, 1989). The House Research Organization explained that the bill "would restore established law" and indicated that the bill would apply retroactively "because it would only restate what established case law had been...." House Research Org., Bill Analysis, Tex.S.B. 946, 71st Leg. (May 18, 1989). While not controlling, the views of the legislative committees as to the intended effect of a statute are entitled to great respect and some weight in arriving at a correct interpretation. *Cohen v. Rains,* 745 S.W.2d 949, 953 (Tex.App.—Houston [14th Dist.] 1988, no writ); *see also National Carloading Corp. v. Phoenix–El Paso Express Inc.,* 178 S.W.2d 133,

137 (Tex.Civ.App.—El Paso), *aff'd,* 142 Tex. 141, 176 S.W.2d 564 (1943).

In light of the plain language of the statute, the legislative history, and the necessity for coordination with the common law (where not explicitly rejected by statute),[1] the Court holds that the Statute merely adopts Texas common law with respect to the determination of the reasonableness of a non-competition employment covenant. As such, no reconsideration of the Order is necessary.[2]

**C.** *The Right to a Jury Determination of Reasonableness.*

■ Plaintiffs also argue that the Statute creates a right to a jury trial on the issue of the reasonableness of a non-competition covenant's restrictions. Section 15.51 provides:

(b) If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, the promisee has the burden of establishing that the covenant meets the criteria specified by Subdivision (2) of Section 15.50 of this Code. If the agreement has a different primary purpose, the promisor has the burden of establishing that the covenant does not meet those criteria. *For the purposes of this subsection, the "burden of establishing" a fact means the burden of persuading the triers of fact that*

---

1. 67 Tex.Jur.3d § 135 (1989).

2. Plaintiffs' attempt to supplement the summary judgment record is untimely. Assuming *arguendo* that a court's reasonableness determination must now be singularly focused on the employer's interest, Plaintiffs knew of the importance of this issue back in January 1989; instead of addressing the issue they chose to deny the existence of a non-compete covenant altogether. *See* Plaintiffs' Response, filed January 17, 1989 at 7–15. Nor did Plaintiffs choose to raise this issue in their first Motion for Reconsideration and Clarification, filed September 11, 1989. Evidence in the possession of a party at the time of a prior ruling need not be considered by a court on a motion for reconsideration of a summary judgment ruling. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). A motion for reconsideration is an

improper vehicle for introducing new evidence which could have been adduced during the original summary judgment proceeding. *Morgan v. Harris Trust & Sav. Bank of Chicago,* 867 F.2d 1023 (7th Cir.1989).

Finally, and contrary to Plaintiffs' assertions, the Court did consider in its reasonableness analysis, albeit implicitly at times, Plaintiffs' business interests. *See supra* at p. 4 ("The complicated and fact-intensive aspects of each separate business relationship cannot fairly be evaluated without an examination of each party's particular needs and interests."). The Order held that the covenant was clearly in excess of that required to protect Plaintiffs' business and goodwill because of an absence of (1) temporal, (2) geographic, and (3) activity limitations. *See* Order at 11–14.

*the existence of the fact is more probable than its nonexistence.*

(Emphasis added). Plaintiffs assert that the Statute's use of the term "triers of fact" in this context unmistakably shifts the reasonableness determination into the sole province of the jury.

Plaintiffs read too much into the Statute. This section merely designates the placement of the burden of proof at the level of "preponderance of the evidence", depending on the type of non-competition covenant involved. *See* House Research Org., Bill Analysis, *supra;* Senate Comm. on Economic Dev., Bill Analysis, Tex.S.B. 946, 71st Leg. (1989). Until now, the issue of reasonableness of a non-competition covenant has been a matter within the province of the Court. *See, e.g., Henshaw, supra,* 565 S.W.2d at 418. The legislative history nowhere contemplates a radical change in Texas procedural law; indeed, the legislators seemed occupied with substantive outcomes in their drafting of the Statute. Clearly, the lawmakers would have been far more specific had they wanted to upset longstanding rules of contractual interpretation and civil procedure. They might have even used the word "jury." [3]

In the Order, this Court set out the summary judgment standard, determined that no genuine issue of material fact existed with respect to the interpretation of the covenant,[4] and found the covenant to be unreasonable as a matter of law. Nothing in the Statute was meant to substantively or procedurally alter the Court's holding or Federal Rule of Civil Procedure 56. Accordingly, Plaintiffs' motion for reconsideration of the Court's Order with respect to the non-competition covenant is DENIED.

## II. PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION

In the Order, the Court granted partial summary judgment against Plaintiffs on Count 1 of Plaintiffs' Third Amended Complaint, which was a claim for breach of contract. This followed the Court's ruling that the provision of the contract upon which Plaintiffs relied was an unenforceable non-competition covenant. *See* Order at 17. The Court incorrectly granted partial summary judgment in favor of Defendants WGA and Garner on Count 2 of their First Amended Complaint, which was also a claim for breach of contract. This claim was not completely briefed or argued in the motions considered for the Order. *See generally* the Order.

Accordingly, the Court:

(1) AMENDS the August 22nd Order such that the last sentence of Part IV on page 17 shall read: "Accordingly, the Court hereby DENIES Plaintiffs' motion for partial summary judgment on Count 1 of Plaintiffs' Third Amended Complaint. The Court hereby GRANTS partial summary judgment in favor of Defendant WGA and Garner's on Count 1 of Plaintiffs' Third Amended Complaint."

(2) STRIKES from the August 22nd Order the following sentence at page 20: "Further, summary judgment is GRANTED to Defendants and Counter–Plaintiffs WGA and Garner and against Plaintiffs for the amount of commissions owing to WGA and Garner as provided in the 1975 Agreement.";

(3) AMENDS page 20 of the August 22nd Order by inserting the following sentence in place of the above-stricken sentence: "Further, summary judgment is GRANTED to Defendants and Counter–Plaintiffs WGA and Garner and against Plaintiffs insofar as Plaintiffs rely on the unenforceable non-competition covenants for a breach of contract or any other claim."

---

3. *See also Black's Law Dictionary* 1350 (5th ed. 1979): "Trier of fact. Term includes (a) the jury and (b) the court when the court is trying an issue of fact other than one relating to the admissibility of evidence."

4. *See supra* n. 2.

Plaintiffs' Motion for Clarification or Reconsideration is DENIED insofar as the motion seeks to predicate recovery on *any portion* of the unenforceable covenant not to compete in subparagraph 2 of Paragraph 31 of the Agreement. The Court RESERVES ruling on Defendants WGA & Garner's Motion to Determine Undisputed Damages and Motion for Judgment Under Rule 54(b) as premature.

### III. PLAINTIFFS' MOTION FOR CERTIFICATION

28 U.S.C. § 1292(b) permits an appeal from an interlocutory order where the Court concludes that (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). It is the Court's opinion that Plaintiffs have met none of these prerequisites; this is especially true in light of the above amendments to the Order. Accordingly, Plaintiffs' Motion for Certification is DENIED.

### IV. CONCLUSION

Per a status conference held June 20, 1989, it was the Court's understanding that the August 22nd Order would dispose of a sufficient number of issues to enable the parties to reach settlement. The Court notes that the parties have again requested a status conference. The Court will attempt to accommodate this request soon.

SO ORDERED.