**PROPERTY TAX ASSOCIATES, INC., Appellant,**

v.

**Paul E. STAFFELDT, Individually and d/b/a Valutax, Appellee.**

**No. 08–90–00192–CV.**

Court of Appeals of Texas, El Paso.

Nov. 28, 1990.

Rehearing Overruled Dec. 27, 1990.

Cory Haugland, Charles Bennett, Grambling & Mounce, P.C., El Paso, for appellant.

John W. McChristian, Jr., Hicks Ray McChristian, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from an order denying a temporary injunction which was sought to enforce a covenant not to compete that was included in an employee's Employment Contract. We reverse and remand for entry of an order in accordance with this opinion.

The Appellant, PTA, provides ad valorem tax service for property owners in El Paso County and also represents some clients in Bexar County. It represents its clients before the Central Appraisal District in attempts to lower tax valuation of property, primarily after reevaluations are made by the taxing authorities. In 1986, Paul Staffeldt, as attorney for PTA, prepared an Employment Contract for use by the company in employing certain personnel. The contract included a non-competition clause. Mr. Staffeldt went to work as an employee for PTA in November 1987 and on January 5, 1988, signed an Employment Contract which provided an annual salary of $30,-000.00 and contained the following provision:

### Noncompetition By Employee

During the term of this contract, the Employee shall not, directly or indirectly, either, as an employee, employer, consultant, agent, principal, partner, stockholder, corporate capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of the Employer.

Employee futher [sic] covenants and agrees as follows:

Upon termination of this employment, whether by termination of this agreement, by wrongful discharge, or otherwise, Employee shall not directly or indirectly, within the existing marketing area of the employer, specifically including, but not limit [sic] to, El Paso County, Bexar County, and Dallas County, in the State of Texas or any future marketing area of the Employer begun during employment under the terms of this agreement, enter into or engage generally indirect [sic] competition with the Employer ... for a period of two (2) years after the date of termination of his employment hereunder.

In January 1990, Mr. Staffeldt terminated his employment and went into competition with PTA in a business known as Valutax. He admittedly now represents eleven former clients of PTA.

This case must be decided based upon the standards set forth in Tex.Bus. & Com. Code Ann. § 15.50 (Vernon Supp.1991). This statute became effective August 28, 1989 and announces the public policy of this state, and makes a covenant not to compete enforceable to the extent that it: (1) is ancillary to an otherwise enforceable agreement; and (2) contains reasonable limitations as to time, area and scope of activity. If the covenant meets the criteria specified in the first part, but not the second part, the court shall reform to the extent necessary to cause the covenant to meet the second part. Tex.Bus. & Com. Code Ann. § 15.51 (Vernon Supp.1991).

In this case, the covenant meets the first criteria. The covenant not to compete is part of the Employment Contract executed by Paul Staffeldt on January 5, 1988, whereby he was employed by Property Tax Associates, Inc. at an annual salary of $30,-000.00. Since the covenant was not signed on a date different than that of the Employment Contract, no independent consideration must be shown. Once the first criteria is met, the courts have no choice but to enforce the covenant if the promisee seeks reasonable enforcement. The only remaining issue is whether the covenant is too broad, and if so, the courts must enforce it only as to limitations which are reasonable as to time, area and scope of activities.

The restriction as to time is for a period of two years. The courts of this state have upheld restrictions ranging from two to five years as reasonable. *Chandler v. Mastercraft Dental Corporation of Texas Inc.*, 739 S.W.2d 460 (Tex.App.—Fort

Worth 1987, writ denied); *AMF Tuboscope v. McBryde,* 618 S.W.2d 105 (Tex.Civ.App. —Corpus Christi 1981, writ ref'd n.r.e.); *Integrated Interiors, Inc. v. Snyder,* 565 S.W.2d 350 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Arevalo v. Velvet Door, Inc.,* 508 S.W.2d 184 (Tex.Civ.App.— El Paso 1974, writ ref'd n.r.e.); *Spinks v. Riebold,* 310 S.W.2d 668 (Tex.Civ.App.—El Paso 1958, writ ref'd).

The next restriction concerning area includes El Paso County, Bexar County, Dallas County, and any future marketing area of the employer begun during employment under the terms of the Employment Contract. Counsel for Appellant acknowledges that his client's only base of operations is in El Paso County although service is provided for some clients in Bexar County. Counsel concedes the covenant should be restricted to El Paso County. That would be a reasonable area since Appellant provides service for prospective clients throughout that one county. Numerous cases have upheld similar restrictions. *Krueger, Hutchinson & Overton Clinic v. Lewis,* 266 S.W.2d 885 (Tex.Civ.App.— Amarillo 1954), *affirmed, Lewis v. Krueger, Hutchinson and Overton Clinic,* 269 S.W.2d 798 (Tex.1954); *Arrow Chemical Corporation v. Pugh,* 490 S.W.2d 628 (Tex. Civ.App.—Dallas 1972, no writ); *Weber v. Hesse Envelope Company,* 342 S.W.2d 652 (Tex.Civ.App.—Dallas 1960, no writ); *Spinks v. Riebold,* 310 S.W.2d 668 (Tex. Civ.App.—El Paso 1958, writ ref'd).

The scope of activity restricted by the Employment Contract is to "engage or participate in any business that is in competition in any manner whatsoever with the business of the Employer." That cannot be considered unreasonable since the employer is in only one area of business and the purpose of such a covenant is to prevent employees who learn a particular business and know customer clients from engaging in a competing business for a reasonable time and area.

In this case, the evidence is undisputed and Mr. Staffeldt acknowledged that he is now representing eleven former clients of Property Tax Associates, Inc. The owner of that company testified that there is no way to estimate the future losses his company will suffer from this competition which has resulted in the loss of valuable clients. Since there are no long term contracts in this business, some of these clients might have remained one year, some ten, but that is very speculative and makes future damages difficult, if not impossible, to estimate and damages are not an adequate remedy in this type of case.

The Appellee should be enjoined from competing with this employer in El Paso County for a period of two years. He may compete in the same business in any of the other 253 counties in this state or go into any other business which he desires. Such results are consistent with the holding in *Webb v. Hartman Newspapers, Inc.,* 793 S.W.2d 302 (Tex.App.—Houston [14th Dist.] 1990, no writ), which is the only case cited to the Court that has construed the provisions of the statute which took effect in August 1989. That opinion notes that the statute is not applied retroactively when the breach occurs after the statute became effective. The opinion also notes that the Legislature in effect overturned *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168 (Tex.1987) and its progeny. Since the *Hill* decision, those seeking to enforce covenants not to compete have not been very successful in that court.[1]

In *Bland v. Henry & Peters, P.C.,* 763 S.W.2d 5 (Tex.App.—Tyler 1988, writ denied) the Tyler Court, before the final opinions on Motion for Rehearing in the *Martin* and *DeSantis* cases, said:

However, it seems clear that the opinions in *Hill, Bergman, DeSantis,* and *Martin* have effectively, repudiated long-honored, common-law principles relating to consideration as applied to the law of contracts in cases involving post-employment covenants not to compete, or cove-

---

1. *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168 (Tex.1987); *Bergman v. Norris of Houston,* 734 S.W.2d 673 (Tex.1987); *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.,* 793 S.W.2d 660 (Tex.1990); *Martin v. Credit Protection Association,* 793 S.W.2d 667 (Tex.1990); *DeSantis v. Wackenhut Corporation,* 793 S.W.2d 670 (Tex. 1990).

nants and promises which limit an employee's right to compete with his former employer. We disagree with the Supreme Court's apparent abolition of these sound common-law principles, as well as its disregard of the distinction between a restraint which forbids competition and one which only operates to prevent the employee, for a reasonable period of time, from diverting the clients or customers of his former employer.

This question has received additional attention in the recent law review article, Pfeiffer and Hall, *Employment and Labor Law*, 44 Sw.L.J. 81 at 134 (1990) where the authors state:

> The Seventy–First Texas Legislature overruled *Hill* and its progeny and re-established Texas law governing noncompetition agreements with the passage of the Covenants Not to Compete Act.... The legislature also reversed the supreme court's presumption that the public policy of Texas is against the enforcement of noncompetition agreements except under certain limited circumstances, by enacting a statute designed to enforce such agreements. The public policy as expressed by the legislature is the antipode of the supreme court's expression of public policy.
>
> The legislative history of the Covenants Not to Compete Act clearly demonstrates that the legislature concurred with Justice Paul S. Colley of the Tyler court of appeals.

This new public policy only made its way into footnotes in the three most recent opinions by the Supreme Court. *See* 793 S.W.2d 663–664 and 669 and 684. In *DeSantis v. Wackenhut Corporation*, 793 S.W.2d 670 (Tex.1990), Justice Hecht writes on page 682 that "[t]hird, the promisee's need for the protection afforded by the agreement not to compete must not be outweighed by either the hardship to the promisor or any injury likely to the public." He concludes that there must be a balance between the benefits and the burdens, both to the promisor and the public. That does not appear to be the test under the statute which is applicable in this case. The test

now is does the covenant impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee? When this covenant is limited in application to El Paso County for a period of two years the answer is "No".

In this case, Paul Staffeldt, as counsel for Property Tax Associates, Inc., prepared the Employment Contract with the covenant for his client. It must be assumed that he advised the agreement was valid and enforceable and was paid for services rendered. He now says to this Court that the contract he prepared and which he signed, with no suggestion of duress, is not enforceable against him. Surely the public must be concerned about permitting a lawyer the right to violate an agreement which he prepared to protect a client which he represented. Public policy requires that this covenant not to compete be enforced. Appellant's Point of Error is sustained.

The order of the trial court is reversed and the case is remanded for entry of an order prohibiting Paul E. Staffeldt from competing with Property Tax Associates, Inc. in El Paso County for a period of two years from January 1, 1990.

WOODARD, Justice, dissenting.

I respectfully dissent. Although the legislature may have intended to change some of the principles regarding covenants not to compete as expressed recently by the Supreme Court in *DeSantis, Hill, Bergman, and Martin*, § 15.50(2) still provides that a covenant not to compete is enforceable to the extent that it "contains reasonable limitations ... that do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." While the Supreme Court was criticized by the Court of Appeals in *Bland* for abolishing sound common law principles, the Supreme Court still must be looked to for the ultimate interpretation of the common law in Texas, as well as the intent of the legislature. *The Supreme Court did interpret § 15.50(2), in a limited but relevant manner, in the DeSantis case, its facts being similar in part to the case at hand. DeSantis at 685 states,*

"[t]he agreement not to compete in this case is no more enforceable under Sections 15.50 and 15.51 of the Texas Business and Commerce Code than it would be under the above-stated common law principles governing such agreements." In this case, as in the *DeSantis* case, there was a question as to whether the promisor used confidential information obtained in the employment of the promisee to compete. Staffeldt testified that he did not use any information acquired from PTA to carry on his business. He had been an attorney involved in real estate transactions and knew of the tax business before his employment. He developed his own method of solicitation, which was different than used by PTA, by the use of the tax rolls and the city directory to determine the owner of property with a tax evaluation of over $500,000.00. He contacted these owners with an offer of his services. Although he did not use any PTA customer list, his method of business did generate the business of eleven former PTA customers. This method of operation would be available to anyone who wished to utilize it, and there were eleven entities in the same business that he knew of.

PTA produced a witness who stated he knew Staffeldt when he worked for PTA. He stated Staffeldt asked for his business with his new company, but the witness had stayed with PTA. Another PTA witness testified that his company had been a customer of PTA through the negotiation of his predecessor manager, that there had been a dispute between his company and PTA and that Staffeldt had asked for the company's tax resolution business. In this case, as in the *DeSantis* case, there is a paucity of evidence that the promisor was able to appropriate for his own use any business goodwill that he developed for the promisee, and therefore no need is shown to protect the goodwill of the promisee.

The trial court has great discretion in granting or denying a temporary injunction, and its action will not be disturbed on appeal unless a clear abuse of discretion is shown. *Hartwell's Office World, Inc. v. Systex Corporation*, 598 S.W.2d 636 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In reviewing the order denying the temporary injunction, we must draw all legitimate inferences from the evidence in a light most favorable to the trial court's judgment. *Id.* The applicant has the burden of offering some evidence which establishes a probable right of recovery; he must show more than a mere possibility of injury. *Id.* An abuse of discretion of the trial court exists only when the record reflects that the findings of the trial court necessary to sustain its order are not supported by some evidence of a substantial and probative character. *Travel Masters, Inc. v. Star Tours, Inc.*, 742 S.W.2d 837 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). Because no findings of fact and conclusions of law were filed, we must uphold the trial court's decision if it was based on any legal theory that is supported by the evidence. *Id.*

The question of reasonableness of non-competition covenants' restrictions is a question of law. *DeSantis; Wabash Life Insurance Company v. Garner*, 732 F.Supp. 692 (N.D.Tex.1989). In this case, there are fact issues as to some of the acts underlying what may be construed to be reasonable or unreasonable limitations. Because there is some probative evidence supporting an unreasonable limitation under some of the principles extolled in the *DeSantis* case, the trial judge did not abuse his discretion in denying the temporary injunction.