Joseph F. CUKJATI, D.V.M., Appellant,

v.

B.M. BURKETT, D.V.M., Appellee.

No. 05–88–01077–CV.

Court of Appeals of Texas,
Dallas.

May 8, 1989.

Neill English, Jr., Irving, for appellant.

Scottie Hays Ashley, W.T. "Skip" Leake, Irving, for appellee.

Before BAKER, BURNETT and WHITTINGTON, JJ.

BURNETT, Justice.

Joseph F. Cukjati appeals from an adverse summary judgment granted in favor

---

of his former employee, B.M. Burkett. The trial court found the covenant not to compete in Burkett's employment contract void as a matter of law. In two points of error, Cukjati asserts that the court erred 1) when it overruled his motion for summary judgment and granted summary judgment for Burkett; and 2) in granting Burkett's request for attorney's fees. We disagree and for the reasons discussed herein, affirm the trial court's judgment.

Burkett, a veterinarian licensed in Texas, entered into a contract of employment on April 1, 1981 with Cukjati. Also a licensed veterinarian, Cukjati owns and operates a practice with two locations in the city of Irving, Texas. Burkett was hired to work at Cukjati's North Irving clinic. The contract was renewed in 1983 with a change in the compensation scheme. Otherwise, the new contract was identical to the first, particularly with regard to the noncompete covenant. After practicing at Cukjati's clinic for 5 years and in compliance with the contract terms, Burkett gave 120 days resignation notice. Burkett terminated his employment with Cukjati on February 29, 1988. Several days later, Burkett began to manage and practice at the Buena Vista Animal Clinic which is approximately 2.2 miles from North Irving Animal Clinic. Burkett filed suit for a judgment declaring the employment contract void as a matter of law. Burkett asserted that the noncompete clause in the employment contract was a restraint on trade and unreasonable in that the restrictions were greater than necessary to protect Cukjati's interests. In return, Cukjati filed a countersuit where he requested a permanent injunction for enforcement of the restrictions on competition.

The contract terms at issue are follows:

Employee agrees that upon the termination of Employee—Employer relationship, Employee agrees not to practice veterinary medicine in Irving, Texas or within a twelve (12) mile radius of the Story Road Animal Hospital or North Irving Animal Clinic for a period of three (3) years.

Employee agrees not to advertise within the City of Irving of his departure from the North Irving Animal Clinic or send any written announcements or announcements of any sort notifying clients that he is leaving the practice of veterinary medicine at the North Irving Animal Clinic.

Employee further agrees that he will not notify present or past clients of the North Irving Animal Clinic of his return to the practice of veterinary medicine at a new location within five (5) years after terminating his relationship with North Irving Animal Clinic.

Employee agrees to pay liquidated damages in the sum of $50,000.00 if he advertises his departure from the North Irving Animal Clinic within the City of Irving, Texas, or sends written notice to clients or former clients of the North Irving Animal Clinic of his reentering the practice of veterinary medicine at any new location for a period of five (5) years after he terminates his relationship with Employer as Employee.

In his first point of error, Cukjati maintains that the summary judgment was in error because the contract provisions are not void as a matter of law. Under Texas law, a covenant not to compete in an employment contract is considered unreasonable "if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship on the person restricted." *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950, 951 (1960).

The Texas Supreme Court has also held that covenants not to compete are unenforceable when they restrict the right to engage in a "common calling." *Bergman v. Norris of Houston*, 734 S.W.2d 673, 674 (Tex.1987); *Hill v. Mobile Auto Trim, Inc.*, 725 S.W.2d 168, 172 (Tex.1987). Certain other covenants not to compete are enforceable, but only to the extent they are reasonable under the four-part test set out in *Hill*. That test requires that the covenant:

(1) must be necessary for the protection of the promisee;

(2) must not be oppressive to the promisor; in this respect, limitations as to time, territory, and activity must be reasonable;

(3) must not be injurious to the public through prevention of competition or by depriving the community of needed goods;

(4) should be enforced only if the promisee gives consideration for something of value.

725 S.W.2d at 170–71.

Whether an employee is engaged in a "common calling" is a question of law which must be decided from the facts of each individual case. *Bergman,* 734 S.W.2d at 674. Several recent cases have provided examples of what is and is not a common calling. *See Martin v. Credit Protection Ass'n, Inc.,* 31 Tex.Sup.Ct.J. 626 (July 13, 1988) (salesman is a common calling); *Bergman,* 734 S.W.2d at 673 (barbering is a common calling); *Hill,* 725 S.W.2d at 172 (auto trim repair is a common calling); *contra DeSantis v. Wackenhut Corp.,* 31 Tex.Sup.Ct.J. 616 (July 13, 1988) (office manager who was key employee was not engaged in common calling); *Travel Masters, Inc. v. Star Tours, Inc.,* 742 S.W.2d 837, 841 (Tex.App.—Dallas 1987, writ dism'd w.o.j.) (travel agent who was also office manager was not engaged in a common calling). However, the Texas Supreme Court has not yet provided a definition of common calling. *Hill,* 725 S.W.2d at 177 (Gonzales, J., dissenting). The court has suggested that a common calling consists of activities that do not require extensive, highly sophisticated training in a complex field. McKelvey, *Post Employment Noncompetitive Restrictive Covenants in Texas,* 30 S.TEX.L.REV. 1, 93–94 (1988).

In *Travel Masters,* 742 S.W.2d at 840, this court reviewed the definitions of the individual words and found that "common" is defined as "of a usual type or standard; quite usual or average; entirely ordinary and undistinguished." *Webster's New International Dictionary,* 458 (3d ed.1981). "Calling" is defined as "the activity in which one customarily engages as a voca-

tion or profession." *Webster's* at 318. The employee at issue in *Travel Masters* was a travel agent who was also hired and working as the office manager. The *Travel Masters* court determined that "[we] cannot hold as a matter of law an office manager is a 'vocation or profession,' 'of the usual type,' which is 'entirely ordinary and undistinguished.'" *Id.* at 840–41.

Likewise in *B. Cantrell Oil Co. v. Hino Gas Sales, Inc.,* 756 S.W.2d 781, 783 (Tex. App.—Corpus Christi 1988, no writ), the court reviewed the *Travel Masters* opinion and decided that "a person engaged in a 'common calling' is one who performs a generic task for a living, one that changes little no matter for whom or where an employee works." Applying this definition, the court held that the retail manager of a gas company was not engaged in a common calling.

In the instant case, Burkett was a licensed veterinarian prior to working at Cukjati's clinic. In addition to treating animals, Burkett managed the North Irving Animal Clinic. We are unable to hold that a veterinarian/office manager is engaged in a common calling as contemplated by the Texas Supreme Court.

Accordingly, to determine the enforceability of the covenant, we must determine its reasonableness under the *Hill* standard. At the outset, *Hill* requires that the covenant be necessary for the protection of the promisee. *Hill,* 725 S.W.2d at 170–71. That is, Cukjati must have a legitimate interest in protecting business goodwill or trade secrets. *Id.*

In his affidavits attached as evidence to his motion for summary judgment, Burkett asserts that he did not receive any special training, knowledge or education from Cukjati. Thus, he obtained no trade secrets which Cukjati could legitimately protect. As far as business goodwill, Burkett has not contacted or solicited any of the approximately 5,000 patrons of the North Irving Animal Clinic. *See Martin,* 31 Tex. Sup.Ct.J. at 626. ("Customer Information" is neither "special training nor knowledge."). Burkett stated that the forty-five pet owners who followed him to the new clinic were

personal friends or members of his church. Although this is testimony from an interested witness, it is clear, positive direct and could have been readily controverted. *See Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986) Tex.R.Civ.P. 166a(c). Thus, the testimony is sufficient to support the summary judgment, in that the covenant is not necessary.

The covenant also must not be oppressive to the promisor, i.e., the restrictions as to time, territory and activity must be reasonable. *Hill,* 723 S.W.2d at 171. The evidence demonstrates that most pet owners travel only a few miles to obtain pet care. Clearly, a twelve mile restriction is unreasonable and unnecessary.

Under *Hill,* a covenant not to compete must be supported by consideration. *Hill,* 723 S.W.2d at 171. Additionally, the court wrote that "special training or knowledge acquired by the employee through his employer is valuable consideration." *Id.* In *DeSantis,* the court held that because the employee had prior experience and did not obtain special knowledge or training, there was no consideration to support the covenant. *DeSantis,* 31 Tex.Sup.Ct.J. at 620. *Contra Travel Masters,* 742 S.W.2d at 841. ("When the execution of a covenant not to compete is contemporaneous with the acceptance of employment, the latter becomes the consideration for the covenant."). Burkett gained no such knowledge or training. Because the covenant is unreasonable, we hold it is unenforceable. Cukjati's first point of error is overruled.

 In his second point of error, Cukjati asserts that the trial court's award of attorneys' fees was in error. Cukjati argues that because he "lived up to the letter of the contract" and Burkett did not, the court should not have awarded attorneys' fees to Burkett. Cukjati has failed to cite any authority for his position. However, we will consider this point. *See Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300 (Tex.1987); TEX.R.APP.P. 83.

Pursuant to the Texas Civil Practice and Remedies Code "the court may award costs and reasonable attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE § 37.009 (Vernon 1988). Burkett's affidavit in support of attorneys' fees was uncontroverted. The trial court's award was not arbitrary or unreasonable so as to equal an abuse of discretion. Cukjati's second point of error is overruled.

In a crosspoint, Burkett asserts that the trial court erred because it awarded him only part of his requested attorneys' fees. However, such a request for affirmative relief cannot be considered on appeal in the absence of a properly filed bond. *Chapman Air Conditioning, Inc. v. Franks,* 732 S.W.2d 737, 742 (Tex.App.—Dallas 1987, no writ). In any event, as discussed with regard to Cukjati's second point of error, an award of attorneys' fees is within the discretion of the trial court.

The judgment of the trial court is affirmed.