PHILIP H. HUNKE, D.D.S.,
M.S.D., INC., Appellant,

v.

Patrick B. WILCOX, Appellee.

No. 13–90–318–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1991.

Rehearing Overruled Oct. 3, 1991.

Rose Marie Reyna, B. Buck Pettitt, McAllen, for appellant.

Allen B. Odum, Edinburg, Marlane A. Meyer, McAllen, for appellee.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is a suit on a promissory note to enforce a covenant not to compete. Philip H. Hunke, D.D.S., M.S.D., Inc., a professional corporation, sued Patrick B. Wilcox, D.D.S., Hunke's former employee, for $75,000 on a promissory note. The note became due and payable upon Wilcox's post-employment breach of the terms of the covenant not to compete. The trial court granted a take nothing summary judgment for Wilcox, from which Hunke appeals. The issue is whether the covenant not to compete is an unreasonable restraint of trade and therefore unenforceable as a matter of law. We hold it is and affirm the judgment.

Philip H. Hunke, a pediatric dentist in Hidalgo County, Texas, hired Patrick B. Wilcox, also a pediatric dentist, to work for his professional corporation in Hidalgo County. The written employment contract contained a covenant by Wilcox not to compete with Hunke in pediatric dentistry within the county, or a five mile radius of the cities of Harlingen or San Benito, for three years after his employment with Hunke ended. The employment agreement provided that Hunke would pay Wilcox $36,000 per year to practice pediatric dentistry, and that employment was terminable by Hunke for cause under certain conditions or at will by either party upon 60 days' prior written notice. The employment contract also required a promissory note payable to Hunke by Wilcox for $75,000, with payment conditioned upon Wilcox's violation of the covenant not to compete. The note was signed and delivered by Wilcox.

On June 26, 1986, Wilcox began employment with Hunke. He left Hunke's employment on May 26, 1988, and began practicing dentistry in the Hidalgo County town of Mission, thus violating the terms of the noncompetition agreement. Hunke promptly sued on the note. Wilcox answered with several defenses; specifically, that the promissory note is unenforceable because it is part of an unreasonable covenant not to compete in restraint of trade and that there was no consideration to support the note. Wilcox moved for summary judgment on these grounds, which was granted by the trial court.

By four points of error, Hunke complains that the trial court erred in granting summary judgment because Wilcox failed to establish either lack of consideration or that the covenant not to compete was unreasonable or unenforceable.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding a summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in the non-movant's favor, and any doubts must be resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). For a summary judgment to be proper, the defendant-movant must show there is no factual issue as to an element of the plaintiff's recovery, i.e., that one essential element of plaintiff's case is missing and that essential

element has been established as a matter of law contrary to the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107–08 (Tex. 1984); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

Wilcox sought a summary judgment asserting the covenant not to compete, which the present promissory note was intended to enforce, was unenforceable as a matter of law because it was an 'unreasonable restraint of trade.

■ An action for damages may not be predicated upon the breach of an unenforceable noncompetition agreement. *Juliette Fowler Homes v. Welch Associates, Inc.* 793 S.W.2d 660, 663 (Tex.1990); *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 952, 953 (Tex.1960). The note is a mechanism to enforce the covenant not to compete, and is due only if the covenant is breached. The validity of the noncompetition agreement is essential to the collection of the note. In order to recover on the note, Hunke, given the state of the pleadings, had the burden to prove the enforceability of the noncompetition agreement.

■ An agreement not to compete is in restraint of trade and therefore unenforceable on grounds of public policy unless it is reasonable. Such a restriction is reasonable and enforceable only if it meets each of three criteria: (1) it must be ancillary to an otherwise valid transaction or relationship; (2) the restraint created by the covenant not to compete must not be greater than necessary to protect the promisee's legitimate interest; and (3) the promisee's need for the protection afforded by the noncompetition agreement must not be outweighed by either the hardship to the promisor or any injury likely to the public. *Juliette Fowler Homes,* 793 S.W.2d at 662; *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 681–82 (Tex.1990); *Weatherford Oil Tool,* 340 S.W.2d at 951.[1]

■ Whether a covenant not to compete is a reasonable restraint of trade is a question of law for the court. *Juliette Fowler Homes,* 793 S.W.2d at 662; *DeSantis,* 793 S.W.2d at 682; *Henshaw v. Kroenecke,* 656 S.W.2d 416, 418 (Tex.1983). In answering this question, however, the trial court must examine the factual circumstances of each case. *See Gill v. Guy Chapman Co.,* 681 S.W.2d 264, 268 (Tex. App.—San Antonio 1984, no writ); *Bob Pagan Ford, Inc. v. Smith,* 638 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Wilcox offered summary judgment evidence in the form of his own affidavit, and Hunke's deposition testimony together with Hunke's responses to discovery requests. By his affidavit, Wilcox stated that he was a fully qualified pediatric dentist at the time he went to work for Hunke, and that Hunke did not give him any specialized training or knowledge, nor did Wilcox have access to any trade secrets. Wilcox further stated that, after termination of his employment with Hunke, he did not solicit any of Hunke's clients. Wilcox concludes, therefore, that Hunke has no goodwill or other business interest that needs protection by such a covenant. Wilcox also offered Hunke's admission that at all rele-

---

1. We note that the Texas legislature in 1989 codified the criteria and procedure for enforcing a covenant not to compete in Tex.Bus. & Com.Code Ann. §§ 15.50, 15.51 (Vernon Supp. 1991). Section 15.50 provides that such a covenant is enforceable to the extent that it:

(1) is ancillary to an otherwise enforceable agreement but, if the covenant not to compete is executed on a date other than the date on which the underlying agreement is executed, such covenant must be supported by independent valuable consideration; and

(2) *contains reasonable limitations as to* time, geographical area, and scope of activity to be restrained that do not impose a greater restraint than is necessary to protect the good-

will or other business interest of the promisee.

The enactment provisions of section 15.50, moreover, state that the statute applies to covenants entered into before, on, or after the effective date of August 28, 1989.

As the majority opinion in *DeSantis* concluded, however, we also conclude that it is unnecessary to determine whether the common law principles governing enforcement or the statutory provisions of section 15.50 apply to the present case, since the employer's failure to establish a protectable business interest makes the covenant unenforceable under either case law or the statute. *DeSantis,* 793 S.W.2d at 684–85.

vant times he is the only other pediatric dentist practicing in Hidalgo County, Texas, and Hunke's deposition testimony that the purpose of the covenant was to restrict competition with former employees in the practice of pediatric dentistry in Hidalgo County.

In response Hunke submitted his own affidavit stating specifically the interest that he sought to protect. Hunke claimed that he introduced Wilcox to many professionals and key people in the general public who had previously and continuously referred patients to Hunke. In other words, while in Hunke's employ, Wilcox had many doors opened to him resulting in his obtaining new patients and accounts made available by and through Hunke. Had it not been for Hunke, these contacts would have taken Wilcox longer to establish. After Wilcox left Hunke's employ and opened his practice of dentistry in violation of the covenant, "[Hunke] has lost contracts to [him] for dental services that [Wilcox] would not otherwise have been made available to him."

Hunke does not want to protect his relations with individual patients, but rather his access to the sources of those patients. The flow of new patients would be diluted whenever a newcomer is introduced into the group of local professionals. However, sources of professional referrals of this type do not form a legitimate proprietary interest which may be protected by a covenant not to compete. To allow the cultivating of these professional relationships to be thus protected would be an unreasonable restraint of trade, encouraging small exclusive groups of a profession to systematically exclude outsiders from practicing in a given location.

█ A former employee is entitled to freely use general knowledge, skills and experience acquired during his employment to compete with his former employer. *See Numed, Inc. v. McNutt,* 724 S.W.2d 432, 434 (Tex.App.—Fort Worth 1987, no writ);

*Expo Chemical Co. v. Brooks,* 572 S.W.2d 8, 10 (Tex.Civ.App.—Houston [1st Dist.] 1978), *rev'd on other grounds,* 576 S.W.2d 369 (Tex.1979). In the present case, we hold that the formation of professional contacts is in the realm of general experience that Wilcox may freely use and over which Hunke can assert no proprietary interest.[2]

The summary judgment evidence has narrowed the interest that Hunke seeks to protect to one that is not entitled to such protection as a matter of law. The covenant was therefore an unreasonable restraint of trade. The summary judgment was proper. *See Cukjati v. Burkett,* 772 S.W.2d 215, 217 (Tex.App.—Dallas 1989, no writ) (upheld declaratory summary judgment that covenant not to compete was unenforceable, after veterinarian showed by uncontroverted summary judgment evidence that he had not contacted or solicited any of the patrons of his former employer's clinic and thus had not damaged the employer's business goodwill). Hunke's points of error are overruled.

The judgment of the trial court is AFFIRMED.

2. It is clear from the present record that Hunke's clients or customers are the patients that he treats rather than the other professionals from whom he receives referrals. Therefore, we are not here called upon to decide, and we express no opinion concerning, whether a proprietary interest may arise when the employer is

engaged in a professional specialty of the nature that general practitioners within the profession may themselves properly be considered his customers or clients. *See Isuani v. Manske–Sheffield Radiology Group,* 798 S.W.2d 346, 351 (Tex. App.—Beaumont 1990), *rev'd on other grounds,* 802 S.W.2d 235 (Tex.1991).