630 So.2d 923 (1993)
FRANCOIS CHIROPRACTIC CENTER, A Professional Corporation, and Serge P. Francois, D.C.,
v.
Fritz G. FIDELE, D.C.
No. 93-CA-1417.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
Wayne J. Lee, Alex J. Peragine, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, and Jerry A. Beatmann, Metairie, for plaintiffs, appellants.
Roy J. Rodney, Jr., Kim M. Boyle, McGlinchey Stafford Lang, New Orleans, for defendant, appellant.
*924 Before BYRNES, and JONES, JJ., and JOHN A. DIXON, J. Pro Tem.
JONES, Judge.
Francois Chiropractic Center and Dr. Francois appeal the trial court's judgment partially modifying and dissolving a preliminary injunction.
Since 1984, Francois Chiropractic Center, "the Center", has owned and operated a full service chiropractic clinic on Broad Street in New Orleans. Dr. Francois, the sole shareholder of the Center, began negotiations with Dr. Fidele in the spring of 1991 for the sale of the Center. Sometime before July 6, 1992, Dr. Fidele relinquished his rights under the purchase contract and worked as an independent contractor for the Center. On July 6, 1992, the parties entered a new agreement, the contract at issue.
The July 6, 1992 agreement is a twelve-month contract which creates an employer/independent contractor relationship between the parties at a monthly compensation rate which is not clear from the contract. The pertinent provisions of the contract are as follows:
5. RESTRICTIVE COVENANTS. Contractor shall not, for a period of one year beginning with the date of termination, enter into the same or any other similar practice either directly or indirectly, as owner, partner, employee, or shareholder, officer or director of any corporation or organization within a ten (10) mile radius of the outer city limits of New Orleans, Louisiana.
....
16. JURISDICTION, VENUE. Jurisdiction for any question, dispute or matter with respect to the terms and conditions of this Agreement, the rights of the parties, or any other matter affecting the interests of the party or arising under this Agreement, shall be in the State of Texas. Dallas, Texas is deemed convenient by both parties.
From July 1992 to March 31, 1993 Dr. Fidele directed the Center and controlled its daily operations. At that time, Dr. Fidele resigned from his position at the Center and he immediately opened his own chiropractic clinic at 3901 St. Claude Avenue in New Orleans.
Suit was filed on April 20, 1993 seeking injunctive relief and damages pursuant to the Louisiana Unfair Trade Practices Act, La. R.S. 5:1401 et seq. and the parties' written agreement. The trial court issued a preliminary injunction prohibiting Dr. Fidele from operating any chiropractic clinic within the territorial limits covered by the July 6, 1992 agreement. The injunction also prohibited Dr. Fidele from treating former patients of the Center and from using any patient lists or other patient information obtained from the Center.
On May 7, 1993, after this matter was permanently assigned in Civil District Court, Dr. Fidele filed a motion to dissolve the preliminary injunction and for damages and attorney's fees. On May 10th, the trial court entered an order denying Dr. Fidele's rule to show cause for an expedited hearing on his motion stating that Dr. Fidele's remedy was an appeal of the May 4, 1993 order. However, the trial court scheduled a status conference for May 13th and considered Dr. Fidele's motion to dissolve the preliminary injunction. Subsequently, the trial court dissolved that part of the May 4th injunction prohibiting Dr. Fidele from operating his clinic. The restraint from soliciting former and current patients of the Center and utilizing its patient lists remained in effect.
By their first assignment of error, appellants argue that the agreement not to compete is enforceable under Texas law. We disagree and find that the agreement is unenforceable as overbroad.
Appellants rely on Property Tax Associates v. Staffeldt, 800 S.W.2d 349, 352 (TX App.1990) to show that a two year non-competition covenant was reasonable and not greater than necessary to protect the goodwill or other business interest of the former employer. Appellants further submit that non-competition covenants require independent consideration only when the covenant is executed on a date other than the date of the underlying agreement. Webb v. Hartman Newspapers, Inc., 793 S.W.2d 302, 304 (TX *925 App.1990). In Webb, the Court concluded that the geographic scope of the non-competition covenant was overbroad and reformed it from a 50 mile radius to a 10 mile radius, otherwise upholding the agreement.
Appellants argue that the non-competition provisions of the July 1992 agreements meet the requirements of Texas law in that 1) the provisions are ancillary to a simultaneously executed and otherwise valid agreement made with adequate consideration to support the covenant; TEX.BUS. & COM.CODE ANN. Section 15.50(1) and 2) they argue that the restrictions are no greater than necessary to protect the Center's interest.
Dr. Fidele relies on Recon Exploration, Inc. v. Hodges, 798 S.W.2d 848, 853 (TX App.1990) in arguing that where the July 6, 1992 agreement was not executed until more than one year after the initial relationship between the parties, appellants can not prove that the non-competition agreement was ancillary to an otherwise enforceable agreement and there is no evidence of independent consideration. This argument lacks merit. Dr. Fidele relinquished his rights under the purchase agreement before executing the July 6th agreement. The covenant not to compete was part of the July 6th agreement and was therefore executed simultaneously.
Furthermore, Dr. Fidele responds that where the non-competition agreement is unreasonable, it is clearly invalid under Texas law. Zep Manufacturing Co. v. Harthcock, 824 S.W.2d 654, 660 (TX App.1992). Dr. Fidele submits where personal services are involved, the promise not to compete must additionally prove that the covenant contains certain reasonable limitations and does not impose restraints greater than necessary to protect their legitimate business interests. Daytona Group of Texas, Inc. v. Smith, 800 S.W.2d 285, 288 (TX App.1990).
Finally, Dr. Fidele argues that appellants have not established that the scope of activity to be restrained is necessary to protect their goodwill or business interest required under TEX.BUS. & COM.CODE ANN. Section 15.50(2). Texas law directs a court to focus on the need to protect a legitimate interest of the promisee and the hardship of such protection on the promisor and the public. Butts Retail, Inc. v. Diversifoods, Inc., 840 S.W.2d 770, 773 (TX App.1992). He argues the non-competition agreement is oppressive to both himself and the community. Additionally, appellants' legitimate business interest are adequately protected by the May 17th order modifying the May 4th preliminary injunction.
Dr. Fidele cites Phillip H. Hunke D.D.S. v. Wilcox, 815 S.W.2d 855 (TX App.1991) as precedent. In denying a petition for injunctive relief, the Hunke court reasoned:
Sources or professional referrals of this type do not form a legitimate proprietary interest which may be protected by a covenant not to compete. Allowing the cultivating of these professional relationships to be thus protected would be an unreasonable restraint of trade, encouraging small exclusive groups of a profession to systematically exclude outsiders from practicing in a given location.

Former employees are entitled to freely use general knowledge, skills and experience acquired during his employment to compete with his former employer. In the present case, we hold that the formation of professional contacts is in the realm of general experience that Wilcox may freely use and over which Hunke can assert no proprietary interest.
Supra at 858. (citations omitted) (emphasis added).
We agree that the July 6th agreement is overbroad and for that reason it is unenforceable under Texas law as it is written.
By their second assignment of error, appellants argue that the agreement not to compete does not contravene Louisiana public policy. Historically, Louisiana has disfavored such agreements. In a recent Fifth Circuit opinion, Team Environmental Services, Inc. v. Addison, 2 F.3d 124 (5th Cir.1993), Louisiana's public policy on covenants not to compete was discussed at length.
Louisiana's longstanding policy against covenants not to compete was codified in 1934. In 1962 the legislature exempted from its blanket bar those situations in which the employer had invested substantial *926 amounts in the training or the advertising of the particular employee. In 1989 the legislature redrafted the statute to broaden the exceptions. The amended statute, however, retains the general proscription; the first subsection proclaims that every agreement not to compete shall be null and void, except for those explicitly sheltered. We do not perceive this as a reversal in public policy, nor have those Louisiana intermediate appellate courts which have addressed the issue. "As the statute itself so plainly says, "the Second Circuit stated in Comet Industries, Inc. v. Lawrence [600 So.2d 85 (La.App.2d Cir. 1992) ], "these contracts are against public policy ..." The Fourth and Fifth Circuits expressly or implicitly have held the same. Therefore, "a contract seeking to fit into an exception to this rule must strictly comply with the requirements contained in the statute....
id at 126-27 (citations and footnotes omitted).
Appellants argue that the agreement between the parties provides that Texas law will govern. La.C.C. article 3540 allows the parties to choose what law will govern their agreements, except to the extent that that law contravenes the public policy of the State whose law would otherwise be applicable. We find that this agreement is both unenforceable under Texas law and contrary to Louisiana's public policy.
Comet Industries, Inc. v. Lawrence, 600 So.2d 85 (La.App. 2d Cir.1992), requires that any exceptions to Louisiana's policy against non-competition agreements strictly comply with statutory requirements.
[such non-competition] contracts are against public policy, LSA-R.S. 23:921A. They have historically been frowned upon in Louisiana. Indeed, the current law was only recently added by Louisiana Act 639 of 1989. We thus conclude that a contract seeking to fit into an exception to this rule must strictly comply with the requirements contained in the statute.
Supra at 87-88. (emphasis in original) (citations omitted).
La.R.S. 23:921 permits non-competition agreements only in parishes or municipalities where the employer "carries on a like business". Team Environmental Services, Inc. at 124. We find that the agreement does not strictly conform to the statute in that it does not clearly specify that the proscribed area is limited to the municipality of New Orleans. Additionally, the agreement is unenforceable under Texas law because it is broader than necessary to protect appellant's legitimate business interests.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.